UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

John George Burchfield,
Elizabeth Eve Burchfield,

CHAPTER 13
CASE NO. 18-41345-PJS
JUDGE PHILLIP J. SHEFFERLY

DEBTORS.

_____/

**TRUSTEE'S SECDOND AMENDED OBJECTIONS TO DEBTORS'**
**FIRST MODIFIED PRE-CONFIRMATION OF CHAPTER 13 PLAN**

    **NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

    1.    Based upon an average of the Debtor-husband's pay stubs dated January 4, 2018, January 18, 2018, and February 1, 2018, from Debtor-husband's position at Customs and Border Patrol Debtor-husband has average gross monthly income in the amount of $6038.90, and average monthly net income of $3990.90. Debtors' Schedule I understates Debtor-husband's monthly net income from CBP by approximately $421.12. Debtor's should amend the Plan and amend Schedule I to accurately disclose Debtor-husband's income to comply with 11 USC Section 1325(b)(1)(B) and 11 USC Section 1325(a)(3).

    2.    Based upon an average of the Debtor-husband's pay stubs dated November 6, 2017, December 6, 2017, and January 5, 2018, from Debtor-husband's position as an adjunct professor, Debtor-husband has average gross monthly income in the amount of $2653.18, and average monthly net income of $2119.52. Debtors' Schedule I understates Debtor-husband's monthly net income as an adjunct professor by approximately $378.26. Debtor's should amend the Plan and amend Schedule I to accurately disclosed Debtor-husband's income to comply with 11 USC Section 1325(b)(1)(B) and 11 USC Section 1325(a)(3).

1

3. The Plan proposes direct payment for the obligation owed to Financial Plus Credit Union for the 2014 Cadillac ATS. Based on the Debtors' testimony at the First Meeting of Creditors, the obligation owing to Financial Plus Credit for the 2014 Cadillac ATS is in arrears. Direct payment to Financial Plus Credit Union is not justified under E.D. Mi. L.B.R. 3070-1.

4. The Plan proposes direct payment for the obligation owed to Financial Plus Credit Union for the 2004 Four Winns 288 boat. Based upon the Proof of Claim filed by Financial Plus Credit Union, the obligation owing to Financial Plus Credit Union for the 2004 Four Winns 288 boat is in arrears. Direct payment to Financial Plus Credit Union is therefore not justified under E.D. Mich. L.B.R. 3070-1.

5. The Plan proposes direct payment for the obligation owed to Financial Plus Credit Union for the 2014 Ford F150. Based upon the Proof of Claim filed by Financial Plus Credit Union, the obligation owing to Financial Plus Credit Union for the 2014 Ford F150 is in arrears. Direct payment to Financial Plus Credit Union is therefore not justified under E.D. Mich. L.B.R. 3070-1.

6. The Plan proposes direct payment for the obligation owed to Financial Plus Credit Union for a 2015 Avenger motor home. Based upon the Proof of Claim filed by Financial Plus Credit Union, the obligation owing to Financial Plus Credit Union for the 2015 Avenger motor home is in arrears. Direct payment to Financial Plus Credit Union is therefore not justified under E.D. Mich. L.B.R. 3070-1.

7. The amount of the proposed funding in the Plan is not sufficient to pay all claims as proposed in the Plan (the Plan is underfunded). Therefore, the Plan does not provide for the submission of sufficient future earnings or future income for the execution of the Plan as required by 11 USC 1322(a)(1).

8. The Plan proposes direct payment for the obligation owed to Freedom Mortgage Corporation. Based on the Proof of Claim and Objection to Confirmation filed by Freedom Mortgage Corporation, the obligation is in arrears. Direct payment to Freedom Mortgage Corporation is not justified under E.D. Mich. L.B.R. 3070-1.

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the Debtors' Chapter 13 Plan unless modified to meet these objections.

                                OFFICE OF DAVID WM. RUSKIN,
                                STANDING CHAPTER 13 TRUSTEE

Dated: April 4, 2018        By: /s/ Thomas D. DeCarlo
                                LISA K. MULLEN (P55478)
                                THOMAS D. DECARLO (P65330)
                                Attorneys for Chapter 13 Trustee,
                                      David Wm. Ruskin
                                1100 Travelers Tower
                                26555 Evergreen Road
                                Southfield, MI 48076-4251

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN RE:**

John George Burchfield,
Elizabeth Eve Burchfield,
                     DEBTORS.
_____/

CHAPTER 13
CASE NO. 18-41345-PJS
JUDGE PHILLIP J. SHEFFERLY

## CERTIFICATE OF SERVICE OF TRUSTEE'S SECOND AMENDED OBJECTIONS TO DEBTORS' FIRST MODIFIED PRE-CONFIRMATION OF CHAPTER 13 PLAN

I hereby certify that on April 5, 2018, I electronically filed the Trustee's Second Amended Objections to Debtors' First Modified Pre-Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

    DANIELA DIMOVSKI ATTORNEY AT LAW PC
    44200 GARFIELD ROAD SUITE 124
    CLINTON TOWNSHIP, MI 48038-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

    John George Burchfield
    Elizabeth Eve Burchfield
    34060 Cherry Hill Ln
    New Baltimore, MI 48047-0000


    _____/s/ Vanessa Wild_____
    Vanessa Wild
    For the Office of David Wm. Ruskin
    Chapter 13 Standing Trustee - Detroit
    1100 Travelers Tower
    26555 Evergreen Road
    Southfield, MI 48076-4251
    (248) 352-7755